## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

CARA WILLIAMS,                          :
                                        :
                        Plaintiff,      :
                                        :
v.                                      :        Case No. 5:24-cv-469-MTT-AGH
                                        :
COMMISSIONER TYRONE                     :
OLIVER, *et al.*,                       :
                                        :
                        Defendants.     :
_____        :

## <u>ORDER AND RECOMMENDATION</u>

*Pro se* Plaintiff Cara Williams, an inmate presently incarcerated at Pulaski
State Prison in Hawkinsville, Georgia, filed a Complaint (ECF No. 1) and Amended
Complaint (ECF No. 4) pursuant to 42 U.S.C. § 1983.  Plaintiff also filed a motion for
leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) and a motion to order
Defendants to preserve evidence (ECF No. 5).  For the following reasons, it is
**RECOMMENDED** that Plaintiff's motion to proceed IFP be **DENIED** and that her
Complaint be **DISMISSED without prejudice**.  Plaintiff's motion for Defendants
to preserve evidence is **DENIED as moot.**

### DISCUSSION

### I.    Dismissal Pursuant to 28 U.S.C. § 1915(g)

Plaintiff seeks leave to proceed without prepayment of the filing fee in this
case.  Federal law bars a prisoner from bringing a civil action in federal court IFP

> if [she] has, on 3 or more prior occasions, while incarcerated or detained
> in any facility, brought an action or appeal in a court of the United

> States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time she has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike").[1] Once a prisoner incurs three strikes, her ability to proceed IFP in federal court is greatly limited: leave to proceed IFP may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database confirms that Plaintiff has had more than three actions that have been dismissed as frivolous, malicious, or for failing to state a claim. *See, e.g.,* Order Dismissing Compl., *Williams v. Nix*, ECF No. 4 in Case No. 1:02-cv-3056-ODE (N.D. Ga. Dec. 12, 2002) (dismissing as frivolous); Order Dismissing Appeal, *Williams v. Nix*, Appeal No. 03-11767-F (11th Cir. Oct. 29, 2003) (three-judge panel dismissing appeal as frivolous); Order Dismissing Compl., *Williams v. Williams*, ECF No. 10 in Case No. 5:02-cv-0312-DF (M.D. Ga. Sept. 13,

---

[1] A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g). *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007) (holding that dismissal of case for abuse of judicial process when plaintiff "lied under penalty of perjury about the existence of a prior lawsuit," counts as a strike even if the court "may not have uttered the words 'frivolous' or 'malicious'"). In fact, a "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)." *Id.* (citations omitted).

2002) (dismissed as frivolous); *see also* Order Dismissing Compl., *Williams v. Dep't of Corr.*, ECF No. 3 in Case No. 1:05-cv-01248-ODE (N.D. Ga. May 24, 2005) (dismissing pursuant to 28 U.S.C. § 1915(g)).  Plaintiff is accordingly barred from prosecuting this action IFP unless she is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

"[T]he issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  To qualify for this exception, a prisoner must allege specific facts, as opposed to "general assertion[s]," that describe an "ongoing serious physical injury or . . . a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Id.* (citation omitted).  Complaints about past injuries are insufficient.  *See Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)].");  *Brown*, 387 F.3d at 1349. "[G]eneralized references to being in danger or being subject to abuse . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger."  *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, 2023 WL 11937262, at *3 (N.D. Fla. July 5, 2023).

Plaintiff's claims arise from her present incarceration at the Pulaski State Prison ("PSP").  Compl. 5, ECF No. 1.  Plaintiff alleges she "was physically assaulted" at the prison after "another inmate physically took the officer's keys to unlock [her] door so the assault could occur."  *Id.*  Plaintiff contends the dorm in which she was

attacked "is identified as one of the two most dangerous dorms in the prison" and is "known for excessive inmate on inmate violence and rampant drug use." *Id.* at 7-8; *see also* Am. Compl. Attach. 1 , at 1, ECF No. 4-1 (describing "rampant inmate on inmate violence"). She "personally witnessed multiple fights with injuries[ and] fights in front of staff" and contends prison officials rarely investigate attacks or punish the perpetrators. Compl. 5, 8-9. In addition, Plaintiff pleads facts that suggest contraband items like drugs and cellphones are commonplace and were permitted by prison officials despite their knowledge that such items tend to cause fights among inmates. *See, e.g.,* Am. Compl. Attach. 1, at 1 (stating that "the prison is overrun with illegal substances").[2] In addition to the November 2024, attack, Plaintiff was also attacked at PSP in April 2024. Compl. 8.

Despite these allegations about the dangerousness of her dorm, Plaintiff also states that she was placed in lockdown immediately after the November 2024 assault, and she is apparently still housed there. *See* Compl. 5-6; *see also* Am. Compl. 4, ECF No. 4 (describing denials of "moves out of lockdown"). Plaintiff does not allege any facts that suggest she is in imminent danger in the lockdown unit; to the contrary, Plaintiff appears to seek release back into general population, thereby undermining any claim that she is in imminent danger of serious physical injury if she is released back to her dorm. *See* Am. Compl. 4. Plaintiff has therefore failed to plead facts

---

[2] Plaintiff notes that prison officials believed she had been attacked because other inmates believed she had a contraband cellphone. Compl. 7. She also states she told prison officials that "[t]he underlying basis" for the April 2024 attack was another inmate's contraband cellphone. *Id.* at 8-9. Although Plaintiff contends she did not have a phone (and searches did not reveal the presence of a one), *id.* at 7, it is reasonable to infer from these allegations that prison officials knew contraband items could cause fights between inmates but made little effort to confiscate them or punish inmates who had them.

sufficient to show that she was in imminent danger of serious physical injury at the time she filed this case.  *See, e.g., Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (holding that "even if [the prisoner] had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed" when he was transferred after he filed his complaint).

For these reasons, Plaintiff should not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and her Complaint should be dismissed without prejudice to her right to refile with pre-payment of the full $405.00 filing fee.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## II.    Dismissal Pursuant to 28 U.S.C. § 1915A

Plaintiff's Complaint should also be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) because she misrepresented her litigation history to the Court.  Plaintiff drafted her Complaint on a standard § 1983 complaint form.  This form requires a *pro se* plaintiff to disclose her complete litigation history before stating her claims.  Relevant here, the form states, "Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any

lawsuit while incarcerated or detained?"  Compl. 2.  In response to this question, Plaintiff marked "Yes."  *Id.*  The form then requires prisoners to provide information about each lawsuit filed.  *Id.* at 2-3.  The form also states, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH."  *Id.* at 2.  Plaintiff wrote that she was the Plaintiff, that the Defendants were "unknown," and that the disposition of the case was "unknown."  *Id.* at 2-3.  Plaintiff did not indicate how many lawsuits she filed or include any additional separate sheets of paper describing any other lawsuits.   The form also asks, "AS TO <u>ANY</u> LAWSUIT FILED IN <u>ANY</u> FEDERAL COURT in which you were permitted to proceed *in forma* pauperis, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?"  *Id.* at 3.  Plaintiff did not check "Yes" or "No" and again wrote, "unknown."  *Id.*

A search of the PACER database confirms that Plaintiff has filed nearly two dozen federal cases in the Georgia district courts, not including habeas petitions, and—as noted above—at least three of those cases were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Indeed, Plaintiff has been considered a "three-striker" under § 1915(g) and has had cases dismissed pursuant to that statute for *twenty years*.  *See, e.g.,* Order Dismissing Compl., *Williams v. Dep't of Corrs.*, ECF No. 3 in Case No. 1:05-cv-1248-ODE (N.D. Ga. May 24, 2005) (dismissing pursuant to 28 U.S.C. § 1915(g)).

A prisoner's "failure to comply with court rules requiring disclosures about [her] previous litigation" may constitute "an abuse of the judicial process warranting dismissal" of the party's pleading as frivolous or malicious under 28 U.S.C. § 1915A(b)(1). *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013); *see also Kendrick v. Sec'y, Fla. Dep't Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011) (affirming dismissal of case as abuse of judicial process where inmate failed to disclose previously-filed lawsuit); *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (holding that "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915(d)).[3]   "Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules." *Sears*, 509 F. App'x at 936.

A prisoner's failure to disclose her full litigation history, when requested to do so, is not considered a minor omission.  Such information is highly relevant where, as here, a prisoner is subject to the statutory three strikes bar, 28 U.S.C. § 1915(g).  *Cf. Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990) (finding district court abused

---

[3] The cases cited herein refer to three different statutes: 28 U.S.C. § 1915(d), 28 U.S.C. § 1915(e)(2)(B)(i), and 28 U.S.C. § 1915A.  28 U.S.C. § 1915(d) is the predecessor to 28 U.S.C. § 1915(e)(2)(B)(i).  Like 28 U.S.C. § 1915A, both statutes contain a provision allowing the Court to determine whether a complaint is subject to dismissal as being frivolous or malicious, although dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) is now mandatory if such a finding is made.  *See, e.g., Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001).  Though the Court is recommending dismissal based on 28 U.S.C. § 1915A, cases referring to any of these statutes support dismissal of Plaintiff's Complaint.

its discretion in dismissing with prejudice for failure to accurately disclose indigency status where there was "no evidence" that inaccuracy was intentional and "made in bad faith in order to qualify [inmate] for *in forma pauperis* status when he was not entitled to that status"). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided. *Williams v. Wiggins*, No. 6:09-cv-943-Orl-28DAB, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. And, as other courts within this Circuit have reasoned, if *pro se* plaintiffs were not penalized for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (citation omitted); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (agreeing with district court's conclusion that allowing prisoner to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Plaintiff did not list any of her past lawsuits on a complaint form that unambiguously requires this disclosure. Plaintiff's failure to disclose her litigation history is particularly significant given that she has accrued three strikes and is subject to the filing restrictions set forth in the PLRA. Plaintiff is an experienced *pro se* litigant, she has been a three-striker for decades, and she was reminded again of

her status as a three-striker just over a year ago.  *See* Order Dismissing Compl., *Williams v. Morris*, ECF No. 6 in Case No. 4:24-cv-00032-WMR (N.D. Ga. May 15, 2024).   In more than one of the recent orders or recommendations to dismiss Plaintiff's cases pursuant to 28 U.S.C. § 1915(g), the courts clearly identified each strike and set forth the reasons why each case was counted as a strike.  Final R. & R., *Williams v. Morris*, ECF No. 4 in Case No. 4:24-cv-00032-WMR (N.D. Ga. Feb. 15, 2024); Final R. & R., *Williams v. Morris*, ECF No. 6 in Case No. 4:22-cv-00016-LMM (N.D. Ga. Mar. 24, 2022); Order Dismissing Compl., *Williams v. Ga. Dep't of Corr.*, ECF No. 4 in Case No. 5:21-cv-429-TES-CHW (M.D. Ga. Jan. 24, 2022).  Plaintiff was therefore plainly on notice that she'd had multiple cases or appeals dismissed as frivolous, malicious, and for failure to state a claim.  Her contention that she did not know about these dismissals (or that she had filed many other cases in federal court) lacks credibility.  *Shelton v. Rohrs,* 406 F. App'x 340, 340 (11th Cir. 2010) (finding that prisoner "would have known that he filed multiple previous lawsuits" even though he claimed he did not remember filing lawsuits and that his records were inaccessible); *Redmon*, 414 F. App'x at 226 (district court did not abuse discretion by refusing to accept prisoner's explanation that he failed to disclose lawsuits because he misunderstood complaint form).  The undersigned thus concludes that Plaintiff's responses regarding her litigation were intentional and calculated to mislead the Court regarding her three-strikes status.  Plaintiff's Complaint should be dismissed without prejudice.  *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (affirming dismissal without prejudice for failure to disclose two lawsuits because "[a]

dismissal without prejudice generally is not an abuse of discretion" and "should be allowed absent some plain prejudice beyond the mere prospect of having to re-file the lawsuit").

## MOTION TO PRESERVE EVIDENCE

Plaintiff also filed a motion requesting a court order that would direct Defendants to preserve camera footage that may have captured the April 2024 and the November 2024 attacks. Mot. for Order 1, ECF No. 5. "[T]he destruction of evidence or the significant and meaningful alteration of a document or instrument" is known as spoliation. *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020) (quoting *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003). A party who spoliates critical evidence may be liable for sanctions. *Id*. There is no indication that these potential sanctions would not be sufficient to deter Defendants from destroying any evidence they may have in their possession that may be relevant to Plaintiff's claims. Moreover, as explained above, the Court recommends dismissal of Plaintiff's Complaint. Plaintiff's motion to preserve evidence (ECF No. 5) is thus **DENIED as moot**.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's motion to proceed IFP (ECF No. 2) be **DENIED** and that her Complaint be **DISMISSED without prejudice.** Plaintiff's motion for Defendants to preserve evidence (ECF No. 5) is **DENIED as moot.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 9th day of June, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE